# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

Case No.: SACV 15-01308-CJC(JCGx)

PAUL WYRICK,

    Plaintiff,

  v.

SQUARETWO FINANCIAL CORPORATION; CACH, LLC; MANDARICH LAW GROUP, LLC

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS CACH'S COUNTERCLAIM**

## I. INTRODUCTION

Plaintiff Paul Wyrick brought this action against Defendants Squaretwo Financial Corporation; CACH, LLC; and Mandarich Law Group, LLC ("Defendants") for negligence and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692. (Dkt. 1 ["Compl."].) Defendant CACH, LLC ("CACH") subsequently brought a counterclaim against Plaintiff for breach of contract. (Dkt. 14 ["Counterclaim"].) Before the Court is Plaintiff's motion to dismiss CACH's Counterclaim for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). (Dkt. 17.) For the following reasons, Plaintiff's motion is DENIED.[1]

## II. BACKGROUND

According to the parties' respective allegations, Plaintiff received a commercial loan from Wells Fargo Bank, N.A. in 2007. (Counterclaim ¶ 9.) The terms of the loan required Plaintiff to use the money for business purposes only. (*Id.* ¶ 10.) Plaintiff subsequently fell behind on his payments, and in February 2012, Wells Fargo sold the loan—then in default—to Defendant CACH. (*Id.* ¶ 17.) On November 14, 2012, CACH filed an action against Plaintiff in state court for breach of contract, breach of personal guaranty, and account stated. (*Id.* ¶ 19.) During the course of that litigation, CACH came to believe that Plaintiff used most of the incurred debt for personal, not business, purposes. (*Id.* ¶ 21.)

Plaintiff initially failed to respond to CACH's state court lawsuit, and default judgment was entered against him in February 2013. (Compl. ¶ 25.) However, Plaintiff then retained counsel, and Plaintiff's counsel stipulated with CACH's counsel to set aside the default judgment and permit Plaintiff to file an answer in April 2013. (*Id.* ¶ 26–27.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 28, 2015 at 1:30 p.m. is hereby vacated and off calendar.

Two years later, in April 2015, CACH filed a Memorandum of Costs after Judgment with the state court, and subsequently served Plaintiff's employer with a wage garnishment. (Compl. ¶¶ 29–30.) Plaintiff alleges that both the memorandum and the wage garnishment were premised on the vacated default judgment and were therefore invalid. (*Id.* ¶ 31.) CACH apparently acknowledged to Plaintiff that the wage garnishment was in error, but failed to withdraw it. (*Id.* ¶¶ 36, 40.) Plaintiff ultimately had more than $1,000 withdrawn from his paycheck. (*Id.* ¶ 41.)

Plaintiff filed his Complaint on August 16, 2015, alleging that the wage garnishment and memorandum of costs violated the FDCPA's ban on certain unfair debt collection practices. (Compl. ¶¶ 42–48.) CACH filed its Counterclaim on October 29, 2015, alleging that Plaintiff violated the terms of the loan by using it for personal, rather than business, purposes. (Counterclaim ¶ 26.) Plaintiff then filed this motion, alleging that the Court lacks subject matter jurisdiction over CACH's Counterclaim.

## III. ANALYSIS

A defendant (or counterdefendant) may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff argues that the Court lacks subject matter jurisdiction over CACH's Counterclaim because it is a permissive counterclaim which lacks an independent jurisdictional basis. CACH responds that the Counterclaim is compulsory, not permissive, but that even if it is permissive, the Court may—and should—exercise supplemental jurisdiction over it.

### A. Counterclaims

Federal Rule of Civil Procedure 13 defines two types of counterclaims: compulsory and permissive. A compulsory counterclaim is one that "arises out of the

transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive counterclaim is "any claim that is not compulsory." Fed. R. Civ. P. 13. A counterclaim arises out of the same transaction or occurrence as another claim if it meets the Ninth Circuit's "logical relationship" test. "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Lazar*, 237 F.3d 967, 979 (9th Cir. 2001).

At bottom, Plaintiff's claim is that CACH violated the FDCPA by engaging in unlawful debt collection practices, and CACH's claim is that Plaintiff violated the terms of the commercial loan that he obtained from Wells Fargo. These claims clearly have *something* in common; they both ultimately relate to Plaintiff's loan. But they do not "arise[] from the same aggregate set of operative facts" such that CACH's Counterclaim is compulsory. *See Lazar*, 237 F.3d at 967. Whether CACH's debt collection practices were actually illegal will be resolved by proving facts about those practices; those facts will not bear on whether Plaintiff actually violated or defaulted under the terms of his loan. Indeed, a number of district courts in the Ninth Circuit have found that actions to collect on debts are not compulsory counterclaims in FDCPA actions. *See*, *e.g.*, *Marlin v. Chase Cardmember Servs.*, No. 1:09cv0192 AWI DLB, 2009 WL 1405196, at * 3 (E.D. Cal. May 19, 2009) ("[M]ost, if not all of the district courts within the Ninth Circuit . . . have determined that [a counterclaim to collect on a debt in an FDCPA action] is permissive" (collecting cases).); *Martin v. Law Offices of John F. Edwards*, 262 F.R.D. 534, 537 (S.D. Cal. 2009) (noting that "the majority of courts in the Ninth Circuit" have found that collection counterclaims in FDCPA actions are permissive (collecting cases)); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1069 (E.D. Cal. 2005) (holding that a counterclaim to collect on a debt in an FDCPA action was not compulsory because

"[w]hether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of that claim").

CACH argues that the above cases are inapposite because it is not suing to *collect* on the debt, but to enforce the terms of the loan. According to CACH, when Plaintiff received his commercial loan from Wells Fargo, he signed an agreement which prohibited him from using the loan for personal purposes (instead of business ones). CACH alleges that Plaintiff in fact used the loan for personal purposes, and that he is now liable to CACH for doing so. This detail is important, CACH argues, because Plaintiff is bringing an FDCPA claim, and the FDCPA only applies to personal—not business—loans. *See Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) ("The [FDCPA] applies to consumer debts and not business loans.") As a result, whether the loan is in fact a personal loan or a business loan will be very relevant to both claims. On the one hand, if Plaintiff's loan is a business loan, Plaintiff's FDCPA claim will presumably fail, and Plaintiff may be liable to CACH for breaching the loan agreement. On the other hand, if Plaintiff's loan is a personal loan, his FDCPA action may succeed, and he did nothing wrong by using the loan proceeds for personal purposes.

CACH argues that since the success of both claims hinges on whether Plaintiff's loan was a business or personal one, its Counterclaim is compulsory, not permissive. This argument has some intuitive appeal. But the fact remains that the test for whether a counterclaim is compulsory is whether it "arises from the same set of operative facts," not whether one particular fact—such as whether Plaintiff used the loan for personal purposes—has relevance to both a claim and a counterclaim. CACH's Counterclaim, while not being entirely unrelated to Plaintiff's FDCPA claim, does not meet the "logical relationship" test because the same operative facts do not serve as the basis of both claims. CACH's Counterclaim is therefore permissive, not compulsory.

## B. Supplemental Jurisdiction over Permissive Counterclaims

Congress provided in 28 U.S.C. § 1367 that "district courts shall have supplemental jurisdiction over all other claims that are so related to" claims over which a court has original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Contrary to Plaintiff's representations, "[t]he Ninth Circuit has yet to express an opinion on whether permissive counterclaims require an independent jurisdictional basis beyond [§ 1367's] 'same case and controversy' requirement." *Elements Spirits, Inc. v. Iconic Brands, Inc.*, No. CV 15-02692 DDP (AGRx), 2015 WL 5470297, at *4 (C.D. Cal. Sep. 17, 2015). Two other circuits—the Second and Seventh—have held that district courts may exercise supplemental jurisdiction over both compulsory and permissive counterclaims. The Seventh Circuit requires only a "loose factual connection" between a counterclaim and an original claim for a federal court to exercise supplemental jurisdiction, *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996), while the Second Circuit more cautiously asks whether a counterclaim shares with the original claim "a common nucleus of operative fact," *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004), a standard that has its origins in pre-§ 1367 jurisprudence, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). District courts in the Ninth Circuit have applied both standards. *See Elements Spirits*, 2015 WL 5470297, at *4 (applying *Channell*'s "loose factual connection" standard); *Sparrow*, 385 F. Supp. 2d at 1967 (same); *Wilson v. Discover Bank*, Case No. 3:12-cv-05209-RBL, 2012 WL 1899539, at *3 (W.D. Wash. May 24, 2012) (noting that the law is "unsettled" and applying the "common nucleus of operative fact" test); *Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *3 (N.D. Cal. Dec. 3, 2008) (same). The Ninth Circuit has, in the personal jurisdiction context, cited *Channell*'s "loose factual connection" standard approvingly, but has not taken the question head-on in the subject matter jurisdiction context. *See CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1114 (9th Cir. 2004) ("[F]or

purposes of pendent jurisdiction, only a 'loose factual connection between the claims' is necessary" (citing *Channell*)).

Applying both standards, "a majority of the cases within the Ninth Circuit have . . . determined that [a district court] has supplemental jurisdiction over the permissive counterclaim for the underlying debt" in an FDCPA action. *Marlin*, 2009 WL 1405196, at *4. *See*, *e.g.*, *id.*; *Sparrow*, 385 F. Supp. 2d at 1070; *Koumarian*, 2008 WL 5120053, at *3. The Court agrees with these authorities and finds that it has supplemental jurisdiction over CACH's Counterclaim no matter which standard is applied. The *Channell* "loose factual connection" standard is easily met; Plaintiff's and CACH's claims share the same factual background. And even if the Court were to require a "common nucleus of operative fact," it would conclude that CACH's Counterclaim is sufficiently related to Plaintiff's claim to grant the Court subject matter jurisdiction. Both claims are related in some measure to a debt owed from Plaintiff to CACH, and they share a particular factual nexus, as explained above, in that whether Plaintiff used his loan for personal purposes will be essentially dispositive for both claims. The Court therefore has supplemental jurisdiction over CACH's Counterclaim.

### C. Discretion to Exercise Supplemental Jurisdiction

Even when a district court has supplemental jurisdiction over a claim, § 1367 provides that it may, in its discretion, "decline to exercise supplemental jurisdiction" if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). A number of district courts in the Ninth Circuit have declined to exercise supplemental jurisdiction over collection claims in

FDCPA actions. For example, the district court in *Sparrow* refrained from exercising supplemental jurisdiction in large part because it worried about a potential "chilling effect" if plaintiffs in FDCPA cases were inevitably hit with actions to collect underlying debts. *Sparrow*, 385 F. Supp. 2d at 1071; *see also Marlin*, 2009 WL 1405196, at *4–5 (finding *Sparrow* "persuasive" and declining to exercise supplemental jurisdiction on similar grounds). Other courts have exercised supplemental jurisdiction in similar cases, downplaying the potential chilling effect and highlighting gains in judicial economy and efficiency from adjudicating related claims in a single proceeding. *See*, *e.g.*, *Koumarian*, 2008 WL 5120053, at *4 (noting that exercising supplemental jurisdiction would serve "judicial economy and efficiency" and worrying that plaintiffs may try to use the chilling effect argument to "bestow on [themselves] a legal right to avoid collection" (citing *Channell*, 89 F.3d at 386)); *Mufwene v. Am. Credit Exch.*, No. 10 C 2591, 2010 WL 4539451, at *2 (N.D. Ill. Nov. 3, 2010) (rejecting the chilling effect argument and exercising supplemental jurisdiction to avoid "burden[ing] the state court system with parallel litigation over overlapping issues").

//
//
//
//
//
//
//
//
//
//
//

Here, the efficiency and economy gains from exercising supplemental jurisdiction are particularly clear. CACH's Counterclaim alleges that Plaintiff's loan was a *commercial* loan which he impermissibly used for *personal* purposes. Adjudicating Plaintiff's FDCPA claim will require the Court to determine whether Plaintiff's loan was in fact a covered *personal* loan, or an uncovered *commercial* loan. By seeking to dismiss CACH's Counterclaim, Plaintiff is essentially asking the Court to determine a fact in the FDCPA context that will be dispositive in the breach of contract context—but then look the other way and send the parties to state court to embark on a parallel discovery in a parallel case. Doing so makes little sense; duplicative litigation serves no one. Accordingly, the Court in its discretion elects to exercise supplemental jurisdiction over CACH's Counterclaim.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion is DENIED.

DATED:	December 22, 2015

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE